UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
GEULA NACHMENSON,

           Plaintiff,

           v.

NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE,

           Defendant.
-------------------------------------------------------------- x

**DECISION & ORDER**
20-CV-3176 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge**:

Geula Nachmenson ("Plaintiff") filed the instant pro se action against the New York State Department of Taxation and Finance (the "agency") on July 13, 2020. ECF No. 1. The Complaint is substantially similar to a complaint submitted by Nachman Nachmenson on May 12, 2020, which is pending before the Honorable LaShann DeArcy Hall under Docket Number 20-CV-2176. The Court previously granted Plaintiff's request to proceed in forma pauperis ("IFP"). ECF No. 6. For the reasons that follow, the Complaint is hereby DISMISSED.

## BACKGROUND

The Complaint in this action was filed on a form complaint for civil rights actions. Plaintiff alleges she filed a New York state tax return for the 2018 tax year, but did not receive a refund check as she expected. Compl. at 5. Plaintiff asserts that she made multiple telephone calls to the New York State Department of Taxation and Finance and "asked for the 2,889 dollars that I have to get." *Id.* Plaintiff alleges the agency asked for additional information, which Plaintiff sent, and yet she still did not received the check. *Id.* Plaintiff states: "After my conversation I realized that NY tax returns are racist and liar, crook." *Id.* Plaintiff alleges that the agency is "breaking the federal law to give help for all the people and they abusing the

poors" [*sic*]. *Id*. In Plaintiff's claim for relief, she states: "I would like the federal make sure the New York state stop the abuse and resim against poor people" [*sic*]. Compl. at 4.

## DISCUSSION

Courts are required to give special consideration to pro se litigants, those individuals who are not attorneys and are representing themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* complaints special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191-93 (2d Cir. 2008). If the Court finds any possibility that "a valid claim might be stated," the Court must give the plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000). When the civil action is first filed, the Court must assume that all clearly stated facts (but not the legal conclusions) in the complaint are true. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677-79 (2009)). The complaint must include enough facts to state a possible claim for relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A federal statute, 28 U.S.C. § 1915(e)(2)(B), allows plaintiffs who cannot afford to pay the filing fee to file lawsuits without paying the fee. This statute requires a district court to dismiss the case if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed frivolous as a matter of law when, among other things, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

Plaintiff alleges the New York State Department of Taxation and Finance violated her civil rights by failing to remit a refund check that she expected to receive. However, she has not indicated which of her civil rights were violated. She claims that the agency is "racist," but she has not provided any facts to show the agency discriminated against her. It is not clear from the face of the Complaint whether the agency denied her original request for a refund or if Plaintiff is seeking to replace a check that went missing.

To the extent Plaintiff is seeking damages, she cannot recover from the New York State Department of Taxation and Finance, because this New York State agency is immune from suit. The Eleventh Amendment of the United States Constitution bars suits for damages against states, state agencies, and state officials acting in their official capacity, unless the state consents to be sued or Congress has created an exception to sovereign immunity. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Board of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff has not identified any such waiver of sovereign immunity that would allow her to bring suit against the State of New York or any of its agencies because she didn't receive a tax refund check. Accordingly, any claims for money damages are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

To the extent that Plaintiff asks this Court to order the New York State Department of Taxation and Finance to give her a tax refund, this request is barred by principles of comity and the Tax Injunction Act ("TIA"), 28 U.S.C. §1341. The comity doctrine "restrains federal courts from entertaining claims for relief that risk disrupting state tax administration," *Levin v. Commerce Energy, Inc.* 560 U.S. 413, 417 (2010), "so long as the plaintiffs have access to state remedies that are plain, adequate, and complete, and may ultimately seek review of the state

decisions in the Supreme Court." *Abuzaid v. Mattox*, 726 F.3d 311, 315 (2d Cir. 2013). Comity also limits taxpayers from asserting civil rights claims for discriminatory treatment by state tax systems. *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981) ("[T]axpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court.").

The TIA provides that a district court shall not "enjoin, suspend or restrain the assessment, levy, or collection of any tax under State Law where a plain, speedy and efficient remedy may be had in the courts of such state." 28 U.S.C. §1341. "Although the text of [the TIA] does not mention tax refunds specifically, it is generally recognized that federal suits for state tax refunds are barred by the Act." *Murray v. McDonald*, 988 F. Supp. 420, 423 (D. Vt. 1997) (Sessions, J.) (citing cases), *aff'd,* 157 F.3d 147 (2d Cir. 1998); *Rosa v. City of Syracuse*, No. 16-CV-1123, 2017 WL 4326517, at *5 (N.D.N.Y. Sept. 28, 2017) (Kahn, J.) ("The Supreme Court has explained that 'federal litigation to avoid paying state taxes (or to gain a refund of such taxes)' plainly falls within § 1341's undisputed compass." Quoting *Hibbs v. Winn*, 542 U.S. 88, 106 (2004)). The statute "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations." *Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 522 (1981) (internal quotation marks and citation omitted). As the Supreme Court has explained: "We have long recognized that principles of federalism and comity generally counsel that courts should adopt a hands-off approach with respect to state tax administration." *Nat'l Priv. Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 586 (1995).

Thus, taxpayers seeking a state tax refund may not file suit in federal court, as long as the state provides adequate ways for taxpayers to assert their claims and get relief in the state. *See Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) (explaining that the TIA prevents federal courts from providing injunctive and declaratory relief as well as monetary damages "as long as there is a plain, speedy and efficient remedy in state court"); *Macagna v. Town of East Hampston*, No. 09-CV-3604, 2010 WL 3257729, at *6 (E.D.N.Y. Aug. 16, 2010) (Hurley, J.) ("Under the TIA and comity, as long as the state provides sufficient remedies, the taxpayer is prohibited from filing suit in federal court." (internal quotation marks, alterations, and citations omitted)). New York provides many ways to challenge tax assessments and seek remedies, including through state agencies and New York State courts. *See Trieu v. Urbach*, No. 98 Civ. 8278, 1999 WL 461316, at *5 (S.D.N.Y. July 7, 1999) (Koeltl, J.) (listing the methods of administrative and judicial review); *Tully v. Griffin,* 429 U.S. 68, 73-76 (1976) (holding that New York provides sufficient remedies to challenge New York tax schemes).

In this case, Plaintiff claims the New York State Department of Taxation and Finance withheld her tax refund because it discriminates against poor people. She claims that she made several telephone calls to the agency. However, she has not alleged that she requested any agency review or challenged the agency's alleged discriminatory practices in state court. Thus, she is prohibited from challenging the New York State tax authority in federal court, unless she can show that New York State does not have an adequate way to address the problem. *See Dourlain v. Comm'r of Taxation and Fin.*, 133 F. App'x 765, 767 (2d Cir. 2005) (holding that, in an action challenging a state tax, the failure to plead a lack of plain, speedy, and efficient remedy in New York State court supported a *sua sponte* dismissal based upon the Tax Injunction Act.). Accordingly, Plaintiff's Complaint alleging she did not receive a state tax refund is dismissed

because the comity doctrine and the Tax Injunction Act strip this Court of federal subject matter jurisdiction over these claims.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2)(B) because the only named defendant is protected by sovereign immunity under the Eleventh Amendment. This dismissal is without prejudice to filing claims in state court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case and to mail a copy of the Order to Plaintiff.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 16, 2021
      Brooklyn, New York